1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIELLE K.,

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

CASE NO. C22-5063-BAT

**ORDER REVERSING AND
REMANDING FOR FURTHER
PROCEEDINGS**

Plaintiff appeals the ALJ's decision finding her not disabled. She contends the ALJ

misevaluated the medical opinion evidence and her testimony, and the ALJ's residual functional

capacity ("RFC") determination and step-five findings are thus erroneous.  Dkt. 15 at 2. For the

reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the

case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

After Plaintiff's 2018 benefits application was denied, the ALJ held a hearing in

September 2020, Tr. 112-46, and subsequently issued a decision finding Plaintiff not disabled.

Tr. 44-58. As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the

Commissioner's final decision. Tr. 1-7.

1

**DISCUSSION**

2

**A.      Medical Opinion Evidence**

3          Under 20 C.F.R. § 404.1520c(a)-(c), the ALJ must articulate the persuasiveness of each

4    medical opinion, and specifically whether the opinions are supported, and consistent with the

5    record. An ALJ's findings must also be supported by substantial evidence. *See Woods v.*

6    *Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). Plaintiff contends these regulations are invalid

7    because they "purport to relieve an ALJ of the duty to *fully* articulate how he is weighing the

8    medical opinion evidence[.]"  Dkt. 15 at 6. The Court finds the regulations do not relieve the

9    ALJ of making findings that may be judicially reviewed in a meaningful way. Indeed the

10   regulations require the ALJ to articulate the basis of a finding with sufficient particularity and

11   explicitly address whether medical opinions are supported and consistent with the record, and

12   permit ALJs to address other factors as necessary. *See* 20 C.F.R. § 404.1520c(c). Plaintiff thus

13   fails to show the regulations relieve an ALJ from articulating his or her reasoning.

14         Plaintiff argues the ALJ misevaluated several medical opinions. She first contends the

15   ALJ erred with respect to the opinions of Joshua Johnston, M.D. Dr. Johnston, Plaintiff's treating

16   physician, wrote a letter in August 2019 requesting Plaintiff be assigned a close parking spot at

17   school and receive extended time to reach her classes, due to her walking limitations. Tr. 1203.

18   The ALJ noted this letter is not constitute a medical opinion because it does not address

19   Plaintiff's work-related functional limitations. Tr. 55-56. The ALJ also found it was inconsistent

20   with the evidence of Plaintiff's improvement after her hip surgery in January 2019 and that a

21   sedentary RFC would account for Dr. Johnston's opinions, in any event. *Id*.

22         Plaintiff argues the ALJ erred in focusing on the evidence of her post-surgery

23   improvement without acknowledging Dr. Johnston also indicated Plaintiff would never be

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 2

1   completely pain-free. Dkt. 15 at 7 (citing Tr. 1023).  But the ALJ did not suggest Plaintiff

2   improved to the point that she was completely pain-free. Instead the ALJ's noted evidence

3   showing Plaintiff's functionality improved in the months after surgery, citing many normal

4   physical examinations, also acknowledging Plaintiff continued to report some degree of pain

5   persisting even after surgery. *See* Tr. 52. Further, Plaintiff does not dispute Dr. Johnston does not

6   describe any workplace functional limitations, and thus the ALJ properly found that it does not

7   constitute a medical opinion under the applicable regulations. *See* 20 C.F.R. § 404.1513(a)(2).

8       Plaintiff next contends the ALJ erred in assessing the opinions of Philip Gibson, Ph.D.

9   Dr. Gibson examined Plaintiff in March 2019 and opined Plaintiff would have difficulty with

10  certain workplace functions. Tr. 1039-42. The ALJ found Dr. Gibson's opinion to be "only

11  somewhat persuasive" because it did not identify specific work limitations and was inconsistent

12  with the doctor's normal mental status examination (MSE) findings and was also inconsistent

13  with Plaintiff's mental health treatment notes and activities. Tr. 55. The ALJ found Dr. Gibson's

14  opinion was consistent with Plaintiff's self-reported anxiety symptoms.  *Id*.

15      The ALJ's finding Dr. Gibson is vague and failed to identify work limitations is not

16  supported by substantial evidence. Dr. Gibson opined Plaintiff would have difficulty (1)

17  accepting instructions from supervisors; (2) performing work activates without special or

18  additional instructions; (3) minting regular attendance and completing a normal workday and

19  workweek; and (4) dealing with the usual stress in the workplace. Tr. 1042. To the extent these

20  limitations were unclear to the ALJ, the ALJ should have developed the record rather than

21  simply reject the opinions outright.

22      The ALJ's finding Dr. Gibson's opinion is inconsistent with his MSE findings and intact

23  psychiatric functioning, historically, is also not supported by the record. Dr. Gibson did not opine

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 3

1    Plaintiff's limitations are caused by lack of intelligence, cognitive functioning or judgment which

2    appear to be within normal bounds per the MSE. Rather the doctor opined Plaintiff ,who he

3    diagnosed with posttraumatic stress disorder and major depressive disorder, has functional

4    limitations related to hypervigilance and inability to tolerate stress. *Id.* The ALJ accordingly

5    erred in discounting the doctor's opinions.

6         Plaintiff next contends the ALJ erred in discounting the opinion of Kimberly Newell,

7    ARNP. In 2019, Ms. Newell, Plaintiff's treating provider opined Plaintiff's impairments

8    "impact[] her ability to walk far distances, carry heavy objects, sit in hard and unsupportive

9    chairs." Tr. 1202. The ALJ found the opinion was vague because it fails to identify any

10   particular functional limitations. Tr. 55. The ALJ found the letter to be consistent with Plaintiff's

11   history of hip issues, but inconsistent with her improvement after surgery in January 2019. *Id*.

12   The ALJ stated the RFC determination accommodates Ms. Newell's opinion because it limits

13   Plaintiff to less than the full range of sedentary work.  *Id*.

14        Plaintiff concedes Ms. Newell's opinion is "indeed somewhat vague," but argues the

15   opinion is nonetheless supported by clinical findings contained in the treatment notes. Dkt. 15 at

16   10. Plaintiff also argues, without explanation, the ALJ's RFC assessment "does not fully

17   accommodate the findings and opinion of Ms. Newell." Dkt. 15 at 10.  Failing to identify any

18   inconsistency is fatal to Plaintiff's argument because Plaintiff bears the burden to show that an

19   ALJ's error is harmful. The ALJ's RFC assessment contains significant limitations as to

20   Plaintiff's sitting, walking, and lifting abilities, and Plaintiff has failed to show that these

21   restrictions do not fully account for the vague limitations listed in Ms. Newell's letter.

22   Accordingly, Plaintiff has failed to show the ALJ harmfully erred in assessing Ms. Newell's

23   letter.

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 4

Plaintiff also argues the ALJ erred in finding the State agency medical consultants' opinions were persuasive because she also partially rejected them, finding Plaintiff to be more limited.  Dkt. 15 at 12.  Plaintiff fails to identify any harm flowing from the ALJ's inclusion of additional limitations and thus fails to meet her burden to establish harmful error.

Plaintiff further argues the ALJ erred in finding the State agency psychological consultants' opinions to be persuasive, because the ALJ should have found them to be inconsistent with Dr. Gibson's opinion. Tr. 55. Plaintiff disregards the fact the ALJ found Plaintiff to be more limited than the State agency psychological consultants (*id*.), which, again, undercuts any argument the ALJ harmfully erred.

The Court notes many pages of Plaintiff's opening brief is a summary of miscellaneous medical findings that does not establish the ALJ harmfully erred. Dkt. 15 at 10-12.

The Court also notes Plaintiff submitted evidence to the Appeals Council (Tr. 8-19, 30-39, 65-111), and argues the Appeals Council evidence "provides further support" for her testimony and for the opinions of Drs. Johnston, Gibson, and Ms. Newell.  Dkt. 15 at 14. The Court has already found the ALJ erred as to Dr. Gibson and finds the new evidence does not undermine the ALJ's assessment of Drs. Johnston or Ms. Newell.

**B.    Plaintiff's Testimony**

The ALJ discounted Plaintiff's testimony on the grounds (1) Plaintiff's hip symptoms improved after surgery, (2) Plaintiff's objective findings and activities are inconsistent with her alleged physical and mental limitations, and (3) Plaintiff refused to take antidepression medication. Tr. 51-54. Absent evidence of malingering, an ALJ must provide clear and convincing reasons to discount a claimant's testimony. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

1    Plaintiff argues the ALJ erred in relying on a lack of corroboration from objective

2   evidence to discount her testimony. Dkt. 15 at 15. But the ALJ did not solely rely on the lack of

3   objective and instead provided other reasons. Thus the ALJ cannot be deemed to have harmfully

4   erred. Next, Plaintiff contends the record shows she has impairments that can reasonably be

5   expected to cause her symptoms and limitations. Dkt. 15 at 15-18. But the ALJ agreed and

6   explicitly found Plaintiff's "medically determinable impairments could reasonably be expected

7   to cause [her] alleged symptoms[.]"  Tr. 51. The ALJ further found the limiting effects of

8   Plaintiff's symptoms were not entirely consistent with the record. Thus the Court cannot say the

9   ALJ was unreasonable in discounting Plaintiff's claimed physical limitations; however as noted

10  above, the ALJ erred in discounting Dr. Gibson's opinions about Plaintiff's mental limitations.

11  The Court thus will not disturb the ALJ's findings as to Plaintiff's physical limitations but directs

12  that on remand the ALJ reassess Plaintiff's claims about her mental limitations.

13                                    **CONCLUSION**

14    For the foregoing reasons, the Commissioner's final decision is **REVERSED,** and the

15  case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. §

16  405(g). On remand the ALJ shall reevaluate the opinions of Dr. Gibson and Plaintiff's testimony

17  regarding her mental limitations, develop the record and redetermine RFC as needed, and

18  proceed to the remaining steps of the five step disability determination process.

19    DATED this 15th day of September, 2022.

20

21    _____

22    BRIAN A. TSUCHIDA
      United States Magistrate Judge

23

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 6